# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARLENE VIERA,<br><br>　　　　Defendant. | Case No. 1:22-cr-00306-JLT-SKO-2<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR BAIL REVIEW<br><br>(ECF Nos. 51, 53, 55) |

Currently before the Court is Defendant Darlene Viera's motion for bail review. (ECF No. 51.) For the reasons stated on the record, the Court grants Defendant's motion for bail review.

## I.

## BACKGROUND

On November 2, 2022, an indictment was filed charging Darlene Viera ("Defendant") with distribution of controlled substances, 21 U.S.C. § 841(a)(1); and conspiracy to distribute controlled substances, 21 U.S.C. § 846. (ECF No. 1.)

Defendant made an initial appearance on November 7, 2022, and pled not guilty. (ECF No. 10.) On November 10, 2022, the Court released Defendant on her own recognizance in relation to her third party custodian, participation in a substance abuse program, and other conditions stated on the record. (ECF No. 19.) The release was delayed until November 15,

1 2022, at which time she was to be released to the third party custodian to be taken to the
2 substance abuse program.  On November 14, 2022, the Court set this matter for status regarding
3 conditions of release.  (ECF No. 20.)  In a hearing held that day, the Court was notified the third
4 party custodian no longer wished to serve, and the Court reversed the decision to release the
5 Defendant, and she was ordered detained.  (ECF No. 22.)  On November 7, 2023, Defendant
6 filed a motion for bail review.  (ECF No. 51.)  On November 12, 2023, the Government filed an
7 opposition brief.  (ECF No. 53.)

8 On November 15, 2022, the Court held a hearing on the motion.  (ECF No. 55.)  Laurel
9 Montoya appeared on behalf of the Government.  Barbara O'Neill appeared on behalf of
10 Defendant.  The matter was continued for Pretrial Services to investigate the proposed program
11 and third party custodian.

12 On November 20, 202, the Court held the continued hearing on the motion for bail
13 review.  Arin Heinz appeared on behalf of the Government.  Barbara O'Neill appeared on behalf
14 of Defendant.

## II.

## LEGAL STANDARD

17 A bail hearing "may be reopened, before or after a determination by the judicial officer,
18 at any time before trial if the judicial officer finds that information exists that was not known to
19 the movant at the time of the hearing and that has a material bearing on the issue whether there
20 are conditions of release that will reasonably assure the appearance of such person as required
21 and the safety of any other person and the community."  18 U.S.C. § 3142(f).  "Courts have
22 interpreted this provision strictly, holding that hearings should not be reopened if the evidence
23 was available at the time of the initial hearing."  United States v. Ward, 63 F. Supp. 2d 1203,
24 1206 (C.D. Cal. 1999) (collecting cases); United States v. Terrone, 454 F. Supp. 3d 1009, 1017
25 (D. Nev. 2020) (same).

26 If a defendant passes that bar and the court reopens the detention hearing, then the
27 government must show a risk of nonappearance by a preponderance of evidence, United States v.
28 Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985), and danger by clear and convincing evidence,

United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).  Once a court determines that the government has made the required showing, the Bail Reform Act allows the release of a defendant only if the court finds that a condition or combination of conditions would reasonably assure the defendant's appearance or the safety of the community.  Courts are to consider the factors provided in Section 3142(g) of Title 18 and make an "individualized" determination on the need for detention.  United States v. Scott, 450 F.3d 863, 874 (9th Cir. 2006); United States v. Hir, 517 F.3d 1081, 1086, 1090–93 (9th Cir. 2008).  The Section 3142(g) factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

### III.

### ORDER

Defendant moved for bail review primarily based on the fact that while there was no third party custodian previously available at the time of her previous detention hearing, she now has the opportunity to participate in the Keepers Transformation House program.

Based on the information presented at the hearing held on November 20, 2023, and for the reasons stated on the record by the Court, IT IS HEREBY ORDERED that Defendant's motion for bail review (ECF No. 51), is GRANTED.

IT IS SO ORDERED.

Dated:   **November 21, 2023**                      _____
                                                   UNITED STATES MAGISTRATE JUDGE